**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

---

**MARK S. SCOTT,**

***Plaintiff,***

**v.**

**Civil Action No. 1:26-CV-23517-YH**

**UNITED STATES DEPARTMENT OF JUSTICE,**

***Defendant.***

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States Department of Justice (DOJ), by and through the undersigned counsel, responds to Plaintiff Mark Scott's Motion for Summary Judgment (ECF No. 13) and cross moves for summary judgment in its favor.

## INTRODUCTION

The Freedom of Information Act, 5 U.S.C. § 552 (FOIA) allows the Court "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Plaintiff filed this FOIA lawsuit on May 19, 2026, seeking an order compelling DOJ to produce records responsive to his request for records related to the government's interactions with a witness who cooperated with the criminal prosecution of Plaintiff in in *United States v. Scott*, Case No. 17-CR-630 (S.D.N.Y.). *See* Complaint, ECF No. 1.

Petitioner's Motion for summary judgment argues that DOJ did not conduct an adequate search for records responsive to his request and that its denial of his request on the basis of FOIA Exemption (b)(7)(A) was unlawful. FOIA Exemption (b)(7(A), codified at 5 U.S.C. § 552(b)(7)(A), shields from disclosure records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement

proceedings. *See* 5 U.S.C. § 552(b)(7)(A). As demonstrated below, DOJ adequately searched for and located records responsive to Plaintiff's FOIA request and properly denied the request in full. Not only would disclosure of the records Plaintiff seeks interfere with pending law enforcement proceedings, disclosure would violate privileges of the government and invade the privacy of third parties

## DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Plaintiff's motion for summary judgment omits a statement of material facts as to which he claims there is no dispute. DOJ submits the following material facts it contends are not in dispute:

1. Plaintiff submitted a FOIA request on or about January 10, 2026, to the Criminal Division of the Department of Justice. *See* Compl. at Exh. A (also referred to as EOUSA 1 in Declaration of EOUSA Attorney-Advisor Nicole Moore-Sanchez).

2. The request sought records in DOJ's possession related to the prosecution of Plaintiff in *United States v. Scott*, Case No. 17-CR-630 (S.D.N.Y.). *Id*.

3. Specifically, the request sought records relating to or referencing alleged false testimony by Konstantin Ignatov, in Plaintiff's criminal trial. *Id*.

4. On March 23, 2026, the Department of Justice's Executive Office for United States Attorneys, the official record-keeper for all records located in the various U.S. Attorney's Offices including the Southern District of New York, issued DOJ's response to Plaintiff's FOIA request. *See* Compl. at Exh. D.

5. DOJ denied Plaintiff's request in full, on the grounds that all of the potentially responsive records are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A), which shields from FOIA's disclosure requirement records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings. *Id*.

6. Petitioner administratively appealed the denial of his FOIA request on March 24, 2026, to the DOJ's Office of Information Policy. *See* Compl. at Exh. E.

7. Plaintiff filed this lawsuit on May 19, 2026.

## STANDARD OF REVIEW

FOIA requires federal agencies to make records and documents publicly available upon request, unless the documents fall within one of several statutory exemptions. *See* 5 U.S.C. § 552(b). FOIA authorizes courts to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. *See* 5 U.S.C. § 552(a)(4)(B).

FOIA cases are generally decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993); *St. Andrews Park, Inc. v. U.S. Dep't of Army Corps of Engineers*, 299 F. Supp. 2d 1264, 1267 (S.D. Fla. 2003). An agency is entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, it has conducted an adequate search for responsive records, and each responsive record it has located has been produced to the plaintiff or is exempt from disclosure. *See Weisberg v. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency may rely on a declaration to meet its burden in a FOIA action so long as the declaration provides an adequate factual basis for the Court's decision. *Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1258 (11th Cir. 2008); *Del Rio v. Miami Field Office of the FBI*, No. 08-21103, 2009 WL 2762698, at *6 (S.D. Fla. Aug. 27, 2009). A declaration submitted by an agency in a FOIA action is accorded a presumption of good faith. *Del Rio*, 2009 WL 2762698, at *6; *Chamberlain v. U.S. Dep't of Justice*, 957 F. Supp. 292, 294 (D.D.C. 1997), *aff'd*, 124 F.3d 1309 (D.C. Cir. 1997).

Generally, there are two issues in dispute in a FOIA case: the adequacy of an agency's search for records responsive to the complainant's FOIA request, and the lawfulness of the agency's withholding of responsive material pursuant to FOIA's exemptions. "To establish the adequacy of a search for responsive documents, a government agency must show beyond a material doubt that it has conducted a search reasonably calculated to uncover all relevant documents." *Broward Bulldog, Inc. v. U.S. Dep't of Justice*, 939 F.3d 1164, 1176 (11th Cir. 2019). The agency can satisfy this burden through the declaration of a responsible official so long as the declaration is "relatively detailed, nonconclusory, and submitted in good faith." *Id.* "If the agency satisfies this burden, then the burden shifts to the requester to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith." *Id.*

On the issue of whether an agency has properly withheld all or part of a record pursuant to one of FOIA's exemptions, summary judgment for the agency is warranted if the agency's declaration provides "specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith." *Florida Immigrant Advocacy Ctr. v. Nat'l Sec. Agency*, 380 F. Supp. 2d 1332, 1338 (S.D. Fla. 2005) (quoting *Hayden v. N.S.A.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980)); *see also Inter Ocean Free Zone, Inc. v. U.S. Customs Serv.*, 982 F. Supp. 867, 871 (S.D. Fla. 1997); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *Halperin v. C.I.A.*, 629 F.2d 144, 148 (D.C. Cir. 1980). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Wolf*, 473 F.3d at 374–75.

## ARGUMENT

### I. DOJ Conducted an Adequate Search for Responsive Records.

As indicated above, an agency responding to a FOIA request must conduct a search reasonably calculated to uncover all responsive documents. *See Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir.1990), *rev'd on other grounds sub nom. U.S. Dep't of State v. Ray*, 502 U.S. 164, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991); *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v. U.S. Department of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983). An agency may establish that it conducted a reasonable search through the affidavits of responsible agency officials "so long as the affidavits are relatively detailed, nonconclusory and submitted in good faith." *Ray*, 908 F.2d 1558; *Miller v. U.S. Department of State*, 779 F.2d 1378, 1383 (8th Cir. 1985); *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).[1]

Whether a search was reasonable depends upon the circumstances of each case. *Truitt v. Department of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Maynard v. C.I.A.*, 986 F.2d

[1] Generally, declarations that contain hearsay are acceptable." *Kay v. F.C.C.*, 976 F. Supp. 23, 33 n.29 (D.D.C. 1997), *aff'd*, 172 F.3d 919 (D.C. Cir. 1998). It is not necessary that the agency employee who actually performed the search supply an affidavit describing the search. *Maynard v. C.I.A.*, 986 F.2d 547, 560 (1st Cir. 1993). Affidavits of officials responsible for supervising or coordinating search efforts have been found to be sufficient to fulfill the personal knowledge requirement of FED. R. CIV. P. 56(e). *Id.*; *see also Patterson v. I.R.S.*, 56 F.3d 832, 840-41 (7th Cir. 1995) (declarant's reliance on a standard search form completed by his predecessor was appropriate).

547, 559 (1st Cir. 1993). The agency need not show that it has conducted an exhaustive search but must show beyond a material doubt that it made a good faith effort, using methods which could reasonably be expected to uncover the requested information or documents. *See Ray*, 908 F.2d at 1558; *Oglesby*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Miller*, 779 F.2d at 1383 ("the search need only be reasonable; it does not have to be exhaustive"). The agency is not required to prove that every responsive document has been located. *See Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); *Miller*, 779 F.2d at 1385. Moreover, a search is not presumed unreasonable if it fails to produce all relevant documents. *Id*.

The attached Declaration of Nicole Y. Moore-Sanchez explains that the records responsive to Plaintiff's request were located within the U.S. Attorney's Office for the Southern District of New York, the Office that handled the prosecution of Plaintiff's criminal action. *See* Moore-Sanchez Declaration at ¶¶ 7-15. The search yielded 7.7 gigabytes of potentially responsive records (7.7GB), which Ms. Moore-Sanchez personally reviewed. Id. at ¶ 13.

Ms. Moore-Sanchez's Declaration further explains that her review of the material and consultation with the responsible Southern District of New York AUSA's determined that the records are excluded from FOIA's public disclosure requirement by FOIA Exemption (b)(7)(A). *See* Declaration, ¶¶ 12-17. Ms. Moore-Sanchez further determined that additional applicable Privacy Act exceptions and FOIA exemptions would fully preclude these records from release. Id. at ¶ 17.

## II. DOJ properly denied Plaintiff's FOIA request in full pursuant to FOIA Exemption (b)(7)(A)

Exemption (b)(7)(A) protects from disclosure "records or information compiled for law enforcement purposes" if disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). The "purpose of [the] exemption is to prevent [harm] to the Government's case in court by not allowing litigants early or greater access to agency investigatory files than they would otherwise have." *Mapother v. U.S. Dep't of Justice*, 3 F.3d 1533, 1540 (D.C.Cir.1993) (quoting *NLRB v. Robbins Tire & Rubber Co*., 437 U.S. 214, 224–25, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978)). To justify withholding information pursuant to Exemption (b)(7)(A), the agency must demonstrate that "disclosure (1) could reasonably be expected to

interfere with (2) enforcement proceedings that are (3) pending or reasonably anticipated." Mapother, 3 F.3d at 1540.

Exemption (b)(7)(A) "does not authorize automatic or wholesale withholding of records or information simply because the material is related to an enforcement proceeding." *North v. Walsh*, 881 F.2d 1088, 1097 (D.C.Cir.1989). The defendant agency "must show, by more than [a] conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding." *Campbell v. HHS*, 682 F.2d 256, 259 (D.C.Cir.1982). However, "the government need not justify its withholdings document-by-document; it may instead do so category-of-document by category-of-document." *Crooker v. Bureau of Alcohol*, Tobacco & Firearms, 789 F.2d 64, 67 (D.C.Cir.1986). Accordingly, an agency must define its categories functionally, determine, document-by-document, the category into which each document falls, and explain "how the release of each category would interfere with enforcement proceedings." *Bevis v. U.S. Dep't of State*, 801 F.2d 1386, 1389–90 (D.C.Cir.1986).

The attached Declaration of Nicole Y. Moore-Sanchez satisfies the foregoing burden. Ms. Moore-Sanchez explains that EOUSA has categorized the responsive records as witness statements consisting of interviews, statements, and related records pertaining to Konstantin Ignatov. Moore-Sanchez Decl at 23. Ms. Moore-Sanchez further explains that the records are relevant to criminal law enforcement proceedings which are "active, pending, and ongoing . . . against several individuals, including the individual currently on the FBI's Ten Most Wanted List. " Moore-Sanchez Decl. at ¶ 22. Ms. Moore-Sanchez explains that the U.S. Attorney's Office has confirmed that the records remain pertinent to existing and pending matters, including, but not limited to: *US v. Ruja Ignatova et al.*, 17 Cr. 630 (ER), *US v. Gilbert Armenta*, 17 Cr. 556 (ER), *US v. Hargreaves*, 18 Cr. 746 (KPF), *US v. Hamilton and McDonald*, 18 Cr. 793 (ER). *Id.* at ¶ 24.

The Declaration further articulates the harm that disclosure of the information requested would cause: "premature disclosure of these records to the public would reasonably be expected to interfere with pending proceedings by exposing which statements cannot be relied upon, and which the government rejected permitting those individuals still subject to criminal investigation and prosecution to adjust narratives or fabricate counter-evidence to match those known findings and statements." *Id.* at ¶ 25.[2]

---

[2] Ms. Moore-Sanchez's Declaration further explains how EOUSA's categorical assertion of (b)(7)(A) made the creation of a *Vaughn* Index inappropriate insofar as the disclosure of such an

**III. The requested information is also exempt from disclosure under additional FOIA Exemptions.**

Ms. Moore-Sanchez's Declaration explains that the information Plaintiff seeks is additionally exempt from disclosure pursuant to additional FOIA Exemptions and the Privacy Act, 5 U.S.C. § 552a.

**A, FOIA Exemption (b)(5)**

DOJ's Declaration explains that the information responsive to Plaintiff's request is additionally subject to denial on the basis of FOIA Exemption (b)(5), which applies to material protected as subject to the attorney-client privilege, the attorney work-product doctrine, and/or the deliberative process privilege. *See* 5 U.S.C. § 552(b)(5)).[3] Indeed, the very terms of Plaintiff's request reflect that the material Plaintiff seeks is precisely what is protected by Exemption (b)(5). Plaintiff's request indicates that it seeks

> records that relate to . . . *the awareness by prosecutors and federal agents of - suspected perjury, false testimony, perjury or credibility issues concerning the Government's sole cooperating witness*, Konstantin Ignatov, and to Brady-related requests and disclosures made or omitted before, during and after trial insofar as they relate to those issues.

Moore-Sanchez Decl. at ¶ 4 (emphasis added). By its very terms, the request seeks attorney work product. And Ms. Moore-Sanchez explains in her Declaration her review of the material identified numerous instances of information protected from disclosure under Exemption (b)(5) and the work-product doctrine; the attorney-client privilege; and the deliberative process privilege. Id. at ¶ 32.

---

index would itself harm the investigations and prosecutions the Exemption was used to protect. See Moore-Sanchez Decl., at ¶ 25, Descriptions and details of the responsive documents in a *Vaughn* index would reveal significant details of the ongoing investigations and prosecutions thereby defeating the entire purpose of the (b)(7)(A) exemption relied upon by EOUSA. *Id.*

[3] The provision exempts from FOIA's disclosure requirement

> inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested.

5 U.S.C. § 552(b)(5).

**B. FOIA Exemptions (b)(6) and (b)(7)(C)**

DOJ further found that the material withheld from production to Plaintiff subject to FOIA Exemption (b)(6) and (b)(7)(C), which apply to information the disclosure of which could be an unwarranted invasion of a third party's privacy. *See* 5 U.S.C. § 552(b)(6) and (b)(7)(C). Plaintiff's request seeks information not about himself, but about a third party, Konstantin Ignatov. FOIA exempts such information from disclosure.

FOIA Exemption (b)(6) exempts from disclosure matters contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Supreme Court has given the term "similar files" a broad meaning; all information which "applies to a particular individual" may fall within FOIA Exemption 6. *U.S. Dept. of State v. Washington Post Co*., 456 U.S. 595, 599-603 (1982).

FOIA Exemption (b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

The applicability of Exemptions (b)(6) and (b)(7)(C) is determined by a balancing of interests which are the same under both exemptions. *See Office of the Capital Collateral Counsel*, 331 F.3d at 803 n. 5, citing *U.S. Dept. of Defense v. F.L.R.A*., 510 U.S. 487, 496 n.6 (1994). Individual privacy interests must be weighed against the public interest, if any, in disclosure of the information requested in order to determine whether a particular disclosure "would constitute a clearly unwarranted invasion of personal privacy" under Exemption (b)(6) or whether the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy" under Exemption (b)(7)(C). *See U.S. Dept. of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 762 (1989); *L & C Marine Transport, Ltd. v. United States*, 740 F.2d 919, 922-23 (11th Cir. 984); *Office of the Capital Collateral Counsel*, 331 F.3d at 802; *U.S. Dept. of Defense v. F.L.R.A*., 510 U.S. at 495; *Bibles v. Oregon Natural Desert Ass'n*, 519 U.S. 355 (1997).

The Supreme Court has recognized that FOIA's privacy exemptions were intended to afford broad protection against the government's release of information about individual citizens, and the Court has broadly defined the privacy interest protected by these exemptions. *See*

*Reporters Committee*, 489 U.S. at 763-64. The privacy interest under FOIA extends beyond the common law and the Constitution. *National Archives & Records Admin. v. Favish*, 541 U.S. 157, 170 (2003). It accords individuals the right "'to determine for themselves when, how, and to what extent information about them is communicated to others.'" *Reporter Committee*, 489 U.S. at 764, n.16 (citation omitted, emphasis added); *see also Office of the Capital Collateral Counsel*, 331 F.3d at 802 ("The privacy interest protected by Exemption 6 includes an individual's interest in avoiding disclosure of personal matters."); *L & C Marine Transport, L.T.D. v. United States*, 740 F.2d at 923.[4]

Particularly, courts have recognized that there is a substantial privacy interest in information regarding individuals contained in law enforcement investigative records, including information not just about the subjects of investigation but also agents and employees, victims, third parties and confidential sources, the disclosure of which might subject these individuals or their families to embarrassment, harassment, or reprisal.[5] *See Cappabianca v. Commissioner*, *U.S. Customs Service*, 847 F. Supp. 1558, 1564-66 (M.D. Fla. 1994); *L & C Marine*, 740 F.2d at 923; *Cleary v. F.B.I.*, 811 F.2d 421, 424 (8th Cir. 1987); *Fitzgibbon v. C.I.A.*, 911 F.2d 755, 767 (D.C. Cir. 1990). The protection afforded under Exemption 7(C), which pertains to law enforcement records and information, is thus even broader than that afforded under Exemption 6. *Favish*, 541 U.S. at165-66; *Office of Capital Collateral Counsel*, 331 F.3d at 803 n. 6.

While the privacy interest protected under FOIA has been broadly defined, the public interest which is weighed against it is strictly limited to the public's interest in being informed about "what their government is up to." *Reporters Committee*, 489 U.S. at 772-75. Disclosure is in the public interest only to the extent that it would "contribute significantly to public

---

[4] The protected privacy interest is so broad that, under some circumstances, even information about an individual which is, or has been, in the public record is protected. In *Reporters Committee* the Supreme Court held that there was a substantial privacy interest in personal information such as is contained in "rap sheets" even though the information had been made available to the general public at some place and point in time. *Reporters Committee*, 489 U.S. 749; *see also L&C Marine*, 740 F.2d at 922.

[5] It should be noted that any assessment of the extent of the privacy invasion must consider the ramifications of release not just to the requester but to the public at large, since any member of the public "must have the same access under FOIA as the [requester]" to the information sought in a given case. *U.S. Dept. of Defense v. F.L.R.A.*, 510 U.S. at 501; *see also Favish*, 541 U.S. at 174 ("once there is disclosure, the information belongs to the general public").

understanding of the operations or activities of the government." *Reporters Committee*, 489 U.S. at 775 (emphasis added); *see also Office of the Capital Collateral Counsel*, 331 F.3d at 803. The public interest is not furthered by "disclosure of information about private citizens...that reveals little or nothing about an agency's own conduct." *Reporters Committee*, 489 U.S. at 773.

Whether or not the public interest will be furthered by disclosure of requested information is not determined by asking whether there is “general public interest in the subject matter of the FOIA request” but, rather, by examining “the incremental value of the specific information being withheld" for shedding light on agency action. *Schrecker v. Department of Justice*, 349 F.3d 657, 661, (D.C. Cir. 2003). It is the requester’s burden to show both that the public interest which he is seeking to advance is “significant” and "more specific than having the information for its own sake" and that the information he is requesting “is likely to advance that interest." *Favish*, 541 U.S. at 172 (emphasis added).

Plaintiff’s request here has identified no significant public interest to be furthered by disclosure of the information requested about the third party named in his request. And DOJ’s balancing of any possible public interest versus the privacy rights of the third party weighed in favor of non-disclosure. *See* Moore-Sanchez Declaration at ¶ 38,

**C. FOIA Exemption (b)(7)(E)**

The material is also exempt from disclosure under FOIA Exemption (b)(7)(E), codified at 5 U.S.C. § 552(b)(7)(E). That exemption categorically protects “records or information compiled for law enforcement purposes [when disclosure] would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.” 5 U.S.C. § 552(b)(7)(E). Ms. Moore-Sanchez’s Declaration explains that the records at issue “contain information on how DOJ deploys their investigatory resources against a particular individual and provide[] insight into law enforcement techniques and/or procedures.” Moore-Sanchez Decl. at ¶ 43.

**IV. DOJ undertook the necessary segregability review and found that no information could be released.**

FOIA requires an agency to produce “[a]ny reasonably segregable portion” of a record that is not exempt from disclosure. 5 U.S.C. § 552(b). If a record contains information that is exempt

from disclosure, any reasonably segregable information must generally be released after deleting the exempt portions, unless the nonexempt portions are inextricably intertwined with exempt portions. *See Salas v. Office of the Inspector Gen*., 577 F.Supp.2d 105, 112–113 (D.D.C.2008) (citing *Trans–Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022 (D.C.Cir.1999)); 5 U.S.C. § 552(b). To withhold the entirety of a document, an agency must demonstrate that it cannot segregate the exempt material from the non-exempt. *Hertzberg v. Veneman*, 273 F.Supp.2d at 90 (citing *Kimberlin v. Dep't of Justice*, 139 F.3d 944, 949–50 (D.C.Cir.1998)). An agency must provide a "'detailed justification'" supporting its decision to withhold information as non-segregable, but "need not 'provide so much detail that the exempt material would be effectively disclosed.'" *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (quoting *Mead Data Ctr., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

In her Declaration on behalf of DOJ, Ms. Moore-Sanchez explains that the agency reviewed all potentially responsive material and found that portions that were not themselves exempt from disclosure under FOIA, "are inextricably intertwined with existing and pending investigations and current prosecutions." Moore-Sanchez Decl. at ¶¶ 35-38. Ms. Moore-Sanchez "interviewed AUSAs at [the U.S. Attorney's Office for the Southern District of New York] to ensure the continued applicability of FOIA Exemption (b)(7)(A)" and found that "[t]here are ongoing law enforcement matters precluding the release of this information to the public via FOIA." *Id*. at ¶ 37. Ms. Moore-Sanchez further considered "whether the public's interest in disclosure could overcome any of the bases for withholding under FOIA." *Id*. She concluded that "[t]here is no segregable information that could be released without compromising active matters." *Id*.

## CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiff's Motion for Summary Judgment and grant summary judgment in favor of Defendant DOJ.

Dated: September 24, 2026
Miami, FL

Respectfully submitted

**JASON REDING QUINONES**
**UNITED STATES ATTORNEY**

By: /s/ *Carlos Raurell*
Assistant U.S. Attorney
Florida Bar No. 529893
United States Attorney's Office
Southern District of Florida
99 NE 4th Street, Florida 33132
Telephone: (305) 961-9243
E-mail: carlos.raurell@usdoj.gov
*Counsel for Defendant*